1 iPLOTKIN, Judge,
concurring in the result in part with written reasons:
Although I agree with the majority’s finding that the court’s appointment of the expert to negotiate with the IRS on behalf of the trust was improper, I disagree with some of the majority’s statements concerning the role of an expert in a civil case. I believe that the majority’s definition of the role of an expert is improperly narrow and restrictive.
Under the provisions of La.C.C.P. art. 192 and La.C.E. art. 706 a court is given the authority to engage the services of an expert in civil cases to fulfill a variety of functions, including the right to operate in a quasi-judicial function. Experts may also be appointed to give opinions in domestic matters and to perform financial and expert analysis. A court has direct and inherent powers to appoint experts which are far greater than that assigned by the majority; the paradigm for expert witnesses is not so limited as the majority implies.